J-S39017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANGEL MIGUEL MUNOZ-RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 285 MDA 2022 |

Appeal from the PCRA Order Entered January 19, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000334-2020

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: MARCH 21, 2023**

Angel Miguel Munoz-Rodriguez, Appellant, appeals from the order dismissing his first, timely petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Appellant's second court-appointed counsel, Jamison Entwistle, Esq., has filed a petition to withdraw and accompanying brief pursuant to **Turner/Finley**,[1] and Appellant has filed a *pro se* brief.  We vacate the PCRA court's order and remand for the appointment of new counsel.

The PCRA petition concerned Appellant's guilty plea to one count of failing to register as a sex offender, for which Appellant received a negotiated sentence of 27 to 60 months of incarceration.  The parties have framed the issue as whether the Pennsylvania State Police ("PSP") correctly determined

---

[1] **Commonwealth v. Turner,** 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

that Appellant must register as a sexual offender for life.  The basis for Appellant's Sexual Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.51-9799.75, obligations is Appellant's plea in Maryland on August 7, 2003, to what Maryland describes as a sexual offense in the third degree.  Appellant pled guilty to the subsection criminalizing "engag[ing] in sexual contact with another if the victim is under the age of 14 years, and the person performing the sexual contact is at least 4 years older than the victim[.]" Md. Code Ann., Crim. Law § 3-307.  The factual basis for his plea was that Appellant inserted his fingers into a twelve-year old's vagina. Appellant received a sentence of time served and two years of supervised probation.  ***Turner/Finley*** Brief at 18.

Appellant moved to Pennsylvania sometime in 2004, and the PSP determined that Appellant's Maryland conviction required him to register as a sexual offender with the PSP for life.  Appellant was arrested on February 11, 2020, for failing to register as required.  On November 10, 2020, Appellant entered a plea to one count of failing to comply with the registration requirements imposed under Subchapter I of SORNA, pursuant to 18 Pa.C.S. § 4915.2.  Specifically, Appellant was convicted of violating the following provision:

> **(a) Offense defined.--**An individual who is subject to registration under 42 Pa.C.S. § 9799.55(a), (a.1) or (b) (relating to registration) or who was subject to registration under former 42 Pa.C.S. § 9793 (relating to registration of certain offenders for ten years) commits an offense if the individual knowingly fails to:
>
> ***

- 2 -

(2) verify the individual's residence or be photographed as required under 42 Pa.C.S. § 9799.60 (relating to verification of residence); ….

18 Pa.C.S. § 4915.2(a)(2).

Section 9799.55(b) provided the basis for Appellant's registration obligations. That subsection mandates lifetime reporting obligations for individuals convicted in this Commonwealth of five offenses, including aggravated indecent assault. 42 Pa.C.S. § 9799.55(b)(2)(i)(A). This lifetime period of registration also applies to offenders who were convicted "of offenses similar to the crimes cited in subparagraph (i) under the laws of … another state[.]" 42 Pa.C.S. § 9799.55(b)(2)(ii). The parties have represented that Appellant's registration obligations were solely mandated by the PSP's determination that his Maryland offense was "similar to" aggravated indecent assault.

Appellant ultimately pled guilty to the failure to register offense as a felony of the second degree.[2] Appellant filed a post-sentence motion but did not file a direct appeal. Within one year of his judgment of sentence becoming final, Appellant filed a *pro se* PCRA petition, which was ultimately denied on January 19, 2022. As recounted in the **Turner/Finley** brief, the *pro se* PCRA petition asserted, among other claims, that "the [PSP] erroneously classified

_____

[2] The Commonwealth's criminal information stated that Appellant was subject to the enhancement codified at Section 4915.2(c)(3), which applies when the defendant has previously been convicted of failing to register and increases the grading to a felony of the first degree. **See** Criminal Information, 4/20/20, at 1. The Commonwealth later amended the charge to a felony of the second degree, presumably as part of the plea bargain.

Appellant's Maryland conviction as a violent felony crime and therefore[] incorrectly classified him as a lifetime sex offender registrant." ***Turner*/*Finley*** Brief at 6. According to Appellant, his Maryland offense was "similar to" one of the Pennsylvania offenses that requires only a ten-year period of registration. "In essence, the PCRA [p]etition argued that … Attorney Kristin Rice provided ineffective assistance of counsel" in recommending that Appellant accept the plea. ***Id.***

The PCRA court appointed Attorney Thomas Nell to represent Appellant. On November 9, 2021, Attorney Nell and Appellant apparently agreed during a video conference with the Commonwealth and the PCRA court that an evidentiary hearing was unnecessary since the petition presented a pure question of law, *i.e.*, whether Appellant had to register for life in Pennsylvania due to his Maryland conviction. ***Id.*** The PCRA court ordered both parties to file a memorandum of law within 45 days.

Confusingly, Attorney Nell then filed on December 10, 2021, a document captioned "Memorandum of Law," which purported to find no merit to Appellant's claims.[3] Attorney Nell stated that, "[u]pon further research" following the video conference, he is "not in agreement [with Appellant] … that the 10[-]year registration requirement should have been implemented." Memorandum of Law, 12/10/21, at 1 ¶ 5. Attorney Nell then referenced

_____

[3] The Commonwealth did not file a memorandum, presumably due to Attorney Nell's filing. The Commonwealth has also declined to file a brief in this matter, relying on the PCRA court's opinion and the ***Turner/Finley*** brief.

Appellant's own legal arguments, as set forth in a *pro se* memorandum of law that Attorney Nell attached to this filing. Attorney Nell explained why he disagreed with Appellant's arguments, but otherwise made no evaluation of the claim. Attorney Nell then stated that he sent Appellant a "no merit" letter, which was not docketed with the PCRA court. Instead, Attorney Nell attached this document to his "Memorandum of Law," as well as Appellant's *pro se* memorandum. Attorney Nell also informed Appellant that he would be filing a motion to withdraw as counsel, while assuring Appellant that the PCRA court would address the *pro se* memorandum of law.

The PCRA court thereafter issued an order on January 19, 2022, denying the PCRA petition. The order informed Appellant that Attorney Nell would file an appeal if requested. Attorney Nell then filed a petition to withdraw on January 31, 2022, explaining that Appellant wished to raise allegations of Attorney Nell's ineffectiveness. The PCRA court thereafter granted the petition to withdraw. Following Attorney Nell's withdrawal, Appellant filed a timely *pro se* notice of appeal on February 3, 2022. The PCRA court ordered Appellant to file a concise statement of matters complained of on appeal. Appellant responded, asserting, *inter alia*, that Attorney Nell "failed and refused to address discreet [*sic*] issues upon seeking to withdraw[.]" Concise Statement, 3/15/22, at 1.

Because Appellant's notice of appeal raised claims of PCRA counsel ineffectiveness, pursuant to a procedure authorized following **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), this Court remanded

for a determination of whether Appellant was entitled to appointed counsel to raise those claims. The PCRA court thereafter appointed Attorney Entwistle, who then filed a ***Turner/Finley*** brief.

> When presented with a brief pursuant to ***Turner/Finley***, we first determine whether the brief meets the procedural requirements of ***Turner/Finley***. ***See Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007). A ***Turner/Finley*** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. ***Wrecks***, 931 A.2d at 721. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues. ***Commonwealth v. Muzzy***, 141 A.3d 509, 511 (Pa. Super. 2016).

***Commonwealth v. Knecht***, 219 A.3d 689, 691 (Pa. Super. 2019).

The ***Turner/Finley*** brief complies with all procedural requirements. The brief identifies the issues that Appellant wished to raise, including the claims of ineffective assistance of initial PCRA counsel, and the brief establishes that counsel thoroughly reviewed the relevant materials. Counsel sent Appellant a copy of the brief and accompanying petition to withdraw, and informed Appellant of his right to proceed *pro se*. Appellant has filed a *pro se* brief, which we shall consider in conducting our independent review. ***See Commonwealth v. Walters***, 135 A.3d 589 (Pa. Super. 2016) (indicating that, when conducting review under ***Turner/Finley***, this Court shall consider

the brief filed by counsel as well as any *pro se* brief filed by the appellant).

Appellant raises the following issues for our review:

> 1. Whether [the PCRA] court erred and abused its discretion in failing to consider the facts of this matter, that render its out-of-state equivalency determination, for sexual offender registration purposes, patently erroneous, as: (a) the required culpability element and the gravity of the offenses have been ignored, (b) Appellant's Maryland plea agreement and sentence did not require sexual offender registration, (c) if Subchapter I required registration, the Act imposes only a ten[-]year registration period[] that has expired, [and] (d) an *ex post facto* violation exists if lifetime reporting is imposed for a foreign crime occurring in 2003, for which Appellant had no notice….

> 2. Whether [the PCRA] court, in ruling on a PCRA [petition], erred and abused its discretion in accepting appointed PCRA counsel, Thomas Nell's no-merit letter when Thomas Nell failed and refused to address discreet [*sic*] issues upon seeking to withdraw, such that: (a) Appellant was not required to register as a sex offender in Maryland upon his plea in 2003; and (b) the [PSP's] equivalency determination was erroneous as a matter of law as being based on perceived conduct and forgetting [*sic*] culpability, and was achieved absent required notice, resulting in an invalid adjudication under Administrative Agency Law; and (c) the aggravated indecent assault crime, in Pennsylvania, is a "crime of violence," and lacks the *mens rea* component proscribing conduct designed, either for normal sexual congress, or, to arouse or gratify sexual desire; and (d) utilizing Subchapter I to impose a lifetime reporting requirement, to a foreign crime that lacked any element of "violence" results in an *ex post facto* violation. All of which render Thomas Nell's representation to have been constitutionally ineffective.

*Pro se* Brief at 4-5.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Hanible***, 30 A.3d 426, 438 (Pa. 2011).

Appellant's brief asks us to address Attorney Nell's ineffectiveness as well as the underlying claims of trial counsel ineffectiveness that he wished to pursue. Attorney Entwistle's **Turner/Finley** brief begins by concluding that any allegation of PCRA counsel ineffectiveness is waived. According to Attorney Entwistle, "Appellant's claim that [Attorney Nell] was ineffective is not properly before this Honorable Court. Appellant's PCRA Petition on appeal cites ineffective assistance of trial counsel, Kristin Rice, Esquire, **only**. Claims of Attorney Nell's ineffectiveness would be properly raised in a separate PCRA [a]ction." **Turner/Finley** Brief at 11 (emphasis in original).

We disagree. As cited in our remand order, **Bradley** authorizes the presentation of PCRA counsel ineffectiveness claims. Appellant raised his PCRA counsel ineffectiveness claims at the first opportunity to do so. **See Commonwealth v. Parrish**, 273 A.3d 989, 1002 (Pa. 2022) (applying **Bradley** and concluding that a layered claim of ineffective assistance of trial and initial PCRA counsel was preserved by "raising it at the first opportunity to do so, specifically in his Corrected 1925(b) Statement and in his brief filed with this Court in this appeal"). Appellant similarly raised his ineffectiveness claims at the first opportunity to do so and has briefed those arguments in his *pro se* brief. Attorney Nell's stewardship is therefore properly before this Court.

Moreover, we conclude that Appellant has established Attorney Nell was ineffective and remand for further proceedings. According to established precedent, Attorney Nell's ineffective representation deprived Appellant of his

right to counsel during his first PCRA proceeding. We therefore decline to address the underlying claims of ineffective assistance of plea counsel.[4]

Initially, we observe that Attorney Nell created significant confusion by purporting to file a "no merit" letter while simultaneously incorporating Appellant's *pro se* memorandum of law. As this Court explained in **Commonwealth v. Johnson**, 179 A.3d 1153, 1157 (Pa. Super. 2018), "[i]t is incumbent upon counsel to examine the merits of the *pro se* claims and determine whether those issues are worth pursuing in an amended petition." *Pro se* claims cannot be incorporated by reference and are waived if an amended petition is filed. **Id.** Here, Attorney Nell attempted to simultaneously file a "no merit" letter while also offering Appellant's own brief as a separate matter for the PCRA court to decide. This created confusion as to whether the PCRA court granted the "no merit letter"—presumably not, since the order informed Appellant that Attorney Nell would continue to represent Appellant—or whether it addressed Appellant's "amended" petition on the merits.

_____

[4] While we decline to address the merits, we note that Attorney Nell, the PCRA court, and Attorney Entwistle addressed the comparability of the crimes based on the facts and not the comparative elements. In general, the facts of a crime may be consulted in only limited circumstances and only for limited purposes. **See generally A.L. v. Pennsylvania State Police**, 274 A.3d 1228 (Pa. 2022) (examining the statutory language "similar to" as contained within Subchapter H of SORNA); **Commonwealth v. Vandyke**, 157 A.3d 535, 538 (Pa. Super. 2017) (comparing elements of New York statute to Pennsylvania statute where Pennsylvania recidivist provision required that the out-of-state offenses be "similar" to Pennsylvania statute).

The problem with the PCRA court's order is that, in either case, it is legally erroneous. If the PCRA court ruled on the "no merit" letter, that ruling cannot stand because Attorney Nell failed to follow the proper procedure. If the PCRA court intended to rule on the merits of the "amended" petition, that too is error: Attorney Nell did not amend the petition and instead chose to present Appellant's *pro se* materials in lieu of his own argument. Either way, the order must be vacated.

Attorney Nell initially believed that Appellant had presented a viable issue worthy of an amended petition, as corroborated by the video conference and decision to file a memorandum of law on a question of law. According to the certified record, Attorney Nell later came to believe that Appellant's claim lacked merit. But the proper course at that juncture was to file a "no merit" letter. As this Court explained in **Commonwealth v. Kelsey**, 206 A.3d 1135 (Pa. Super. 2019):

> If PCRA counsel seeks to withdraw on the ground that the issues raised by the PCRA petitioner are without merit, he must satisfy the following requirements: he must file a sufficient no-merit letter, send the PCRA petitioner copies of the application to withdraw and no-merit letter, and advise the PCRA petitioner of his right to proceed *pro se* or with a privately retained attorney. The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. Where PCRA counsel's no-merit letter does not discuss all of the issues that the convicted defendant has raised in a first PCRA petition and explain why they lack merit, it does not satisfy these mandatory requirements and dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition.

*Id.* at 1139 (citations omitted).

The fact that the PCRA court addressed the merits of the claim that Attorney Nell initially concluded was worthy of an amended petition is of no moment. As *Kelsey* explained:

> We recognize that the PCRA court conducted an independent review of the claims that it believed were asserted in the PCRA petition and that its review went beyond PCRA counsel's inadequate no-merit letter. The error here, however, is the denial of the assistance of counsel, not the sufficiency of the PCRA court's opinion or whether [the a]ppellant's claims in his PCRA petition are meritorious. Even where a *pro se* first PCRA petition appears on its face to be meritless, the defendant is entitled to representation by counsel before that determination is made.

*Id.* at 1140 (citations omitted).

Moreover, Appellant has consistently maintained that he wished to call Attorney Rice to testify concerning her advice to enter a guilty plea in lieu of presenting a challenge to the PSP's classification.[5] We acknowledge that

_____

[5] In his *pro se* petition, Appellant argued that "issues of fact exist as to counsel's conduct … that will require an evidentiary hearing to resolve, and [Appellant] seeks to examine Kristin Rice, Esq., of the Adams County Public Defender's Office[.]" *Pro se* PCRA Petition, 8/9/21, at 16 ¶ 43. When Attorney Nell sought to withdraw by the January 31, 2022 filing, Attorney Nell informed the PCRA court that Appellant "sent a [m]otion to the undersigned indicating multiple issues of ineffectiveness by his PCRA counsel," which was attached as an exhibit. Within that attached exhibit, Appellant wrote: "Unbeknownst to Petitioner, [Attorney] Nell came to the erroneous conclusion that [Attorney] Rice's conduct should not be challenged, and stipulated with the prosecution that resolution of the PCRA was a 'legal issue' and eschewed developing a record of [A]ttorney Rice's challenged conduct." Exhibit to Motion to Withdraw, 1/31/22, at 4 ¶ 3.

Attorney Entwistle's *Turner/Finley* brief asserts that "Appellant agreed no evidentiary hearing was necessary and the PCRA claim could proceed on the
*(Footnote Continued Next Page)*

Appellant has merely contested the facts as set forth by Attorney Nell, and we do not suggest that Attorney Nell's representations regarding Appellant's decision to focus on the legal issue are not credible. Moreover, the PCRA court would have been present for the video conference. To the extent that the PCRA court implicitly discredited Appellant's assertions, we find it impossible to separate Attorney Nell's later "no merit" letter from any concession to forego an evidentiary hearing. A concession that no evidentiary hearing was needed represents a conclusion that an amended petition was forthcoming. Attorney Nell was, of course, entitled to decide upon further research and review that Appellant's PCRA petition lacked merit. But, as we have explained, the proper course at that juncture was to file a "no merit" letter consistent with the procedure stated in **Kelsey**, **supra**.

Finally, **Kelsey** establishes our mandate:

Because [the a]ppellant did not waive his right to representation by counsel and PCRA counsel neither represented [the a]ppellant on the merits of the PCRA petition nor filed a sufficient no-merit letter that addressed all of [the a]ppellant's claims, the PCRA court's dismissal of [the a]ppellant's PCRA petition must be vacated[,] and remand to the PCRA court for appointment of new PCRA counsel is required. On remand, [the a]ppellant's new counsel shall be permitted to file an amended PCRA petition or, if counsel concludes in the exercise of his or her professional judgment that the issues raised in the PCRA proceeding are without merit, counsel may file an adequate no-merit letter that

_____

submission of legal memorandum only," and concludes that any claim regarding the failure to hold an evidentiary hearing was waived. **Turner/Finley** Brief at 13. This waiver conclusion flows from the mistaken belief that Appellant failed to preserve any issue relating to Attorney Nell's ineffectiveness.

- 12 -

addresses all of the issues raised in [the a]ppellant's PCRA petition and move to withdraw.

*Kelsey*, 206 A.3d at 1140 (internal citations omitted).

Order vacated. Petition to withdraw granted.[6] Case remanded with instructions to appoint new PCRA counsel. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2023

---

[6] We grant the petition to withdraw in light of our determination that new PCRA counsel must be appointed on remand.